## ROBERT A. EMERY, DEFENDANT IN ERROR, v. ANDREW J. KING, PLAINTIFF IN ERROR.

Submitted December 9, 1899—Decided February 26, 19:0.

The admission of parol evidence of an agent, that he had authority to issue a license to cut wood on the principal's land is error, where it appeared that the authority of the agent was conferred by writing, and that the writing is in existence and can be produced.

———

On error.

Before MAGIE, CHIEF JUSTICE, and Justices DEPUE, VAN SYCKEL and LIPPINCOTT.

For the plaintiff in error, *George A. Vroom.*

For the defendant in error, *Joseph H. Gaskill.*

PER CURIAM.

The third assignment discloses a reversible error.

Plaintiff's right to the logs which were the subject of his action of trover and which he had cut on the lands of one Stokes, depended upon a license to cut given by one Blazer, as agent of Stokes. Blazer was called by plaintiff, and on direct examination testified that he had authority from Stokes to license the cutting by plaintiff. On cross-examination Blazer admitted that the authority had been conferred by a writing signed by Stokes and in Blazer's possession. The writing was not produced.

A motion to strike out Blazer's evidence as to authority to license plaintiff to cut was denied by the judge sitting as a Circuit judge, on the ground that the objection came too late.

This was erroneous. Assuming that authority conferred by parol upon Blazer would justify the license to plaintiff to cut wood on the principal's land, as soon as it appeared that the authority was conferred by writing and that the writing

was in existence and could be produced, the writing was the sole evidence by which plaintiff's case could be supported. It was error to admit evidence of its purport.

The judgment must be reversed.